

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann
~~XXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Arnold W. Franklin
County Attorney
Atascosa County
Jourdanton, Texas

Dear Mr. Franklin:

Opinion No. 0-4349
Re:  Legal incidents to the ab-
     sence of a County Commission-
     er in the United States Army
     service.

Your letter of March 21, 1942, requesting an opin-
ion from this department upon the above-captioned subject
matter is as follows:

"Enclosed herewith, you will find what I
have styled a summary of conclusions in which
I have attempted to comply with the statute in
regard to securing an opinion from your depart-
ment.  I hope, that if it does not meet the re-
quirements, that you may at least have some
idea as to the problems of law that I am bother-
ed with.

"One of our commissioners has recently en-
listed in the United States Army as a private.
He is now, I understand, serving with our armed
forces in that capacity.

"Has this commissioner vacated his office?

"If not, does the county have a right to
pay him in excess of twelve days after his en-
listment?

"If not, how is the county to levy a valid
tax levy?

"Has this commissioner the right to appoint
a Deputy to serve in his absence?"

We appreciate your painstaking care in accompany-
ing the request with a well-prepared summary of the perti-
nent Constitution, statutes and authorities.

In case of a vacancy in the County Commissioners'
Court, the County Judge is authorized to make an appointment
to fill such vacancy.  Rev. Civ. State.,Art. 2341.

The County Judge is not authorized to declare a

vacancy for any cause, but, upon finding that there exists such vacancy, he is authorized to make the appointment, as provided in the Article last above cited.

Article 2354 of the Revised Civil Statutes declares:

"No county tax shall be levied except at a regular term of the court, and when all members of said court are present."

This is a valid legislative enactment, and a county tax levied at any time, or by any tribunal except at a regular term of the court, and when all members of said court are present, is invalid. Free v. Scarborough, sheriff, 8 S. W. 490; Brooks v. State, 41 S. W. (2) 714, (12).

If the County Judge should determine that there exists a vacancy in the Commissioners' Court, he would be entirely within his powers to make an immediate appointment thereto, and upon the appointee's accepting and qualifying for such position, the acts of the appointee as Commissioner would be valid, even though it should afterward be determined judicially that no vacancy had in truth existed. In other words, the new appointee would at least be a de facto officer, whose official acts would be valid. Ex parte Mayes, 44 S. W. 831; Martin v. Grandview Ind. School Dist., 266 S. W. 607, writ refused; Blewett v. Richardson Ind. School Dist., 240 S. W. 529; Cole v. Forto, 155 S. W. 350.

In this manner the debacle of the impotency of the county to make the annual levy would be avoided.

Of course, after such determination by the judge, and the appointment and qualification of a successor, no further compensation could be paid to the former commissioner.

You are further advised that there is no authority for the appointment of a deputy Commissioner by any one in any event.

Trusting that the above fully answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Ocie Speer
Ocie Speer
Assistant

APPROVED MAR. 28, 1942
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

OS-MR:jrb

APPROVED OPINION COMMITTEE
BY BWB, Chairman